Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| MWI CORPORATION, MWI CORPORATION, MWI CORPORATION<br><br>RECURRIDO<br><br>V.<br><br>TETRAD ENTERPRISES, LIMITED LIABILITY COMPANY, LUIS HERNÁNDEZ RIVERA, ALVIA ROSADO FALCÓN Y OTROS<br><br>PETICIONARIOS | TA2026CE00501 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.: SJ2024CV10215<br><br>Sobre: Incumplimiento de Contrato, Cobro de Dinero – Ordinario, injunction(Entredicho) Provisional, Injunction Preliminar y Permanente), Daños |
|---|---|---|

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz, y la juez Aldebol Mora

**Brignoni Mártir, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de mayo de 2026.

Comparece ante nos, Tetrad Enterprises Limited Liability Company (en adelante, "Tetrad Enterprises"). Solicita nuestra intervención para que dejemos sin efecto la *"Resolución Interlocutoria"* emitida el 24 de marzo de 2026 y notificada al siguiente día, por el Tribunal de Primera Instancia, Sala Superior de Bayamón. Mediante esta, el foro primario declaró *No Ha Lugar* la "*Moción Solicitando Autorización para Retiro de Fondos Depositados ante el Tribunal,"* presentada por Tetrad Enterprises.

Por los fundamentos que expondremos a continuación, *denegamos* la expedición del auto *certiorari* presentado.

El presente caso se compone de un trámite procesal extenso, por lo cual a continuación exponemos una síntesis de los hechos más relevantes al asunto que se nos solicita revisar.

**I.**

El 31 de octubre de 2024, MWI Corporation presentó la *"Demanda"* de epígrafe. A través de esta, instó una acción sobre cobro de dinero en

contra de Tetrad Enterprises mediante la cual sostuvo que dicha parte incurrió en incumplimiento contractual.[1] Surge de la *"Demanda,"* que el 6 de abril de 2020, Tetrad Enterprises y MWI Corporation suscribieron un contrato de arrendamiento. Según los dichos de MWI Corporation, la referida relación contractual consistió en el alquiler de cierto equipo para bombeo de aguas a favor de la compañía arrendataria, Tetrad Enterprises. Agregó, que como contraprestación la aludida Compañía le debía pagar un canon mensual más intereses en caso de existir demora en la entrega del pago pactado. Adujo, que parte del equipo alquilado se estaría utilizando en estaciones de bombas localizadas en terrenos del Departamento de Recursos Naturales y Ambientales ("DRNA"), para asistir en el manejo de aguas y control de inundaciones durante los eventos de lluvias que pudieran ocurrir en ciertos municipios.

Además del arrendamiento pactado, sostuvo que Tetrad Enterprises también le compró a la Corporación bombas y equipo relacionado. No obstante, arguyó que Tetrad Enterprises incumplió con los pagos de los cánones de arrendamiento y del precio de la compraventa, según acordados. Ante ello, esgrimió que le comunicó al DRNA lo ocurrido y le solicitó que retuviera cualquier suma de dinero adeudada a Tedrad Enterprises y así le pudiese remitir dichas cuantías a MWI Corporation. Pese a lo anterior, aseveró que no había recibido pago alguno de parte del DRNA o de Tetrad Enterprises. En virtud de las alegaciones expuestas, solicitó que se le pagaran las cantidades presuntamente debidas; más el pago de una indemnización por los aducidos daños causados a la propiedad arrendada. A su vez, peticionó que se reconozca que el DRNA debe responder como comitente y ante ello se le ordene que desembolse a su favor cualquier suma de dinero que el DRNA le pueda adeudar a Tetrad Enterprises, a tenor del Artículo

---

[1] En dicha *"Demanda"* fueron incluidos como parte demandadas, en su calidad personal, los accionistas de Tetrad Enterprises, el señor Luis Hernández Rivera y la señora Alvia Rosado Falcón. Mediante *"Sentencia Parcial"* notificada el 29 de octubre de 2025, el foro primario desestimó sin perjuicio la causa de acción entablada en contra de los aludidos accionistas.

1374 del Código Civil, Ley Núm. 55-2020, según enmendada, 31 LPRA sec. 10271.

Es preciso señalar, que el 2 de diciembre de 2024, el DRNA consignó en el foro primario la cantidad de $6,114,938.94 en concepto del dinero que retuvo por el alquiler de las bombas hidráulicas, según surge de unas alegadas facturas notificadas al Departamento por parte de Tetrad Enterprises. Sostuvo, que la cantidad consignada debe entenderse como una medida cautelar de aseguramiento de sentencia sujeta a que se establezca la cantidad adeudada, si alguna.

El 6 de diciembre de 2024, el foro recurrido notificó que tomó conocimiento sobre la consignación realizada.[2]

Por su parte, el 18 de febrero de 2025, Tetrad Enterprises presentó *"Contestación a Demanda; Reconvención; Demanda contra Coparte y Demanda contra Tercero."* En lo que concierne a la alegación responsiva, negó los reclamos principales proferidos en su contra por MWI Corporation. Como parte de sus defensas, aseveró que no adeuda las cuantías aducidas por MWI Corporation y que por el contrario es la referida Corporación quien le debe sumas monetarias. En la alternativa, adujo que adquirió el dominio de la propiedad arrendada y que de existir algún retraso con el pago se debe única y exclusivamente a la falta de desembolso por parte del DRNA. Agregó, que acordó con MWI Corporation resolver las controversias que pudieran acontecer a tenor de la legislación del Estado de Florida. A su vez, sostuvo que no existe un contrato de obra entre Tetrad Enterprises y el DRNA; y que el contrato

---

[2] El 14 de enero de 2025, JLG Consulting Engineering, P.S.C., instó en este caso una *"Solicitud de Intervención y Embargo de Fondos Consignados."* La referida Compañía fundamentó su solicitud en una alegada Sentencia a su favor notificada en un pleito sobre cobro de dinero que entabló en contra de Tetrad Enyerprises. El 27 de febrero de 2025, el foro recurrido declaró *No Ha Lugar* el aludido petitorio. Luego de una solicitud de reconsideración, presentada por JLG Consulting Engineering, P.S.C., el 5 de marzo de 2025, el foro primario a través de una *"Resolución,"* reiteró su denegatoria a la "*Solicitud de Intervención y Embargo de Fondos Consignados."* Entre otras cosas, el tribunal de instancia razonó lo siguiente: "Por lo tanto, los dineros que JLG, Corp. está solicitando embargar no son de Tetrad, son del Departamento de Recursos Naturales y se consignaron por virtud de la reclamación directa hecha al DRNA por MWI, bajo el Artículo 1374 de Código Civil como comitente y dueño de la obra bajo el Contrato de Arrendamiento de 2023."

que existió culminó debido a la interferencia torticera de MWI Corporation, quien posteriormente suscribió un acuerdo similar con el DRNA.

Posteriormente, el 24 de mayo de 2025, el DRNA presentó *"Contestación a Demanda (Entrada 1); Contestación a Demanda Coparte y Comparecencia Especial en Contestación a Demanda contra Tercero (Entrada 61)."* En lo que respecta a la alegación responsiva, admitió que decidió culminar la relación contractual que mantenía con Tetrad Enterprises. Sobre el particular, adujo que ésta incumplió reiteradamente con sus obligaciones contractuales entre las cuales se encuentra la falta de pago a MWI Corporation. Acto seguido, sostuvo que decidió suscribir un contrato de emergencia con MWI Corporation para mantener la operación de las bombas hidráulicas. Añadió, que no había incurrido en algún incumplimiento contractual. También esgrimió, que no formó parte de los acuerdos suscritos entre MWI Corporation y Tetrad Enterprises.

Tras varias incidencias procesales que no son necesarias de pormenorizar, el 9 de marzo de 2026, Tetrad Enterprises presentó *"Moción Solicitando Autorización para Retiro de Fondos Depositados ante el Tribunal."* Esgrimió, que los fondos consignados por el DRNA en realidad corresponden a los pagos que el referido Departamento le adeuda a Tetrad Enterprises en virtud de la relación contractual que existía entre ambos. A su vez, sostuvo que la aludida suma consignada permanece bajo la custodia del Tribunal sin que exista orden de embargo, gravamen judicial o determinación adjudicativa que justifique su retención. Razonó, que al no existir un fundamento suficiente para la retención de los fondos consignados procede que el foro primario ordene su retiro a favor de Tetrad Enterprises.

En reacción, el 10 de marzo de 2026, MWI Corporation presentó *"Moción en Oposición a Solicitud de Autorización de Retiro de Fondos del Demandado Tetrad Enterprise Limited."* En esencia, adujo que Tetrad Enterprises no había reclamado o impugnado en tiempo la consignación realizada por el DRNA. Agregó, que mediante la *"Resolución"* notificada el

5 de marzo de 2025, el foro primario se expresó con relación a los fondos consignados y concluyó que "los dineros que JLG, Corp. está solicitando embargar no son de Tetrad, son del Departamento de Recursos Naturales y se consignaron por virtud de la reclamación directa hecha al DRNA por MWI, bajo el Artículo 1374 de Código Civil como comitente y dueño de la obra bajo el Contrato de Arrendamiento de 2023." Aseveró, que esta determinación no fue cuestionada por Tetrad Enterprises. Ante ello, solicitó que se deniegue la "*Moción Solicitando Autorización para Retiro de Fondos Depositados ante el Tribunal.*"

Así las cosas, el 25 de marzo de 2026, el foro recurrido notificó la "*Resolución Interlocutoria*" que hoy nos ocupa. Mediante esta, declaró *No Ha Lugar* la "*Moción Solicitando Autorización para Retiro de Fondos Depositados ante el Tribunal.*"

En desacuerdo, oportunamente el 23 de abril de 2026, Tetrad Enterprises presentó ante este Tribunal un recurso de *certiorari.* Mediante este, esbozó los siguientes señalamientos de error:

> Primer Error: Erró el Tribunal de Primera Instancia al aplicar el Artículo 1374 del Código Civil de 2020 a una relación contractual de arrendamiento de equipo de bombeo, cuando dicho artículo exige por su propio texto la existencia de un contrato de obra por precio alzado, con un comitente (dueño de una obra), un contratista, y la colocación de trabajo y materiales en una obra elementos que no concurren en el presente caso.
>
> Segundo Error: Erró el Tribunal de Primera Instancia al concluir que los fondos consignados "no son de Tetrad", cuando dichos fondos corresponden al precio del arrendamiento de equipo de bombeo facturado por Tetrad al DRNA conforme a las propias facturas emitidas por Tetrad, y constituyen ingresos provenientes directamente de la operación comercial de Tetrad, confundiendo la posesión física de los fondos por parte del DRNA con la titularidad sustantiva del crédito.
>
> Tercer Error: Erró el Tribunal de Primera Instancia al mantener retenidos $6,114,938.94 cuando MWI Corporation nunca solicitó, perfeccionó ni obtuvo orden de embargo prejudicial conforme a la regla 56 de procedimiento civil, ni prestó fianza conforme a la Regla 56.3, convirtiendo una consignación voluntaria de un tercero en un embargo de facto sin base procesal.
>
> Cuarto Error: Erró el Tribunal de Primera Instancia al resolver sumariamente mediante simple remisión a una resolución anterior (SUMAC 82) que resolvió una controversia distinta (la intervención de un tercero, JLG), sin fundamentar la denegatoria ni atender los planteamientos procesales y sustantivos específicos levantados en la moción de 9 de marzo de 2026.

Quinto Error: Erró el Tribunal de Primera Instancia al mantener una retención indefinida de fondos por más de dieciséis (16) meses sin embargo, sin fianza, sin vista y sin adjudicación en los méritos, en violación al debido proceso de ley protegido por el Art. II, sec. 7 de la constitución de puerto rico y la decimocuarta enmienda de la constitución de los Estados Unidos.

El 29 de abril de 2026, este Tribunal notificó una *"Resolución,"* mediante la cual se les concedió a las partes recurridas el término reglamentario de diez (10) días para presentar memorandos en oposición a la expedición del auto. Véase, la Regla 37 del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, págs. 60-61, 215 DPR ___ (2025).

El cumplimiento de ello, el 4 de mayo de 2026, el DRNA presentó *"Memorando en Oposición a Expedición de Certiorari."* Asimismo, tras una solicitud de prórroga concedida por esta Curia, el 20 de mayo de 2026, MWI Corporation presentó *"Oposición a Expedición de Certiorari."*

Con el beneficio de la comparecencia de las partes, procedemos a esbozar el marco legal aplicable al asunto que hoy nos ocupa.

**II.**

**Recurso de Certiorari:**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. *Alio v. Santiago Chardón y otros*, 2026 TSPR 113; *Rivera et al v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); Art. 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva del *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Íd*. Ahora bien, el ejercicio de esta discreción no es absoluto. Por ello, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece una serie de instancias en las que los foros apelativos pueden ejercer su facultad revisora:

El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

La Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 62-63, 215 DPR ___ (2025), delimita los criterios para la expedición de un auto de *certiorari.* Así pues, estas consideraciones "orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional". *Rivera et al v. Arcos Dorados et al*, supra. La aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. *BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023); *Rivera et al v. Arcos Dorados et al*, supra; *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 848 (2023); *800 Ponce de León v. American International*, 205 DPR 163, 176 (2020). De conformidad con lo anterior, la Regla 40, *supra*, dispone los siguientes criterios:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los foros revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto." *Citibank v. ACBI*, 200 DPR 724, 736 (2018). Esta norma permite que el foro primario actúe conforme a su discreción judicial, que es la facultad que tiene "para resolver de una forma u otra, o de escoger entre varios cursos de acción". Id. pág. 735; *Graciani Rodríguez v. Garage Isla Verde*, LLC, 202 DPR 117, 132 (2019). El ejercicio esta discreción "está inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.; *Pueblo v. Hernández Villanueva*, 179 DPR 872, 890 (2010). Así pues, "la discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Íd; Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016). No obstante, un tribunal incurre en abuso de discreción cuando ignora sin fundamento un hecho material, concede demasiado peso a un hecho inmaterial, y fundamenta su determinación en ese hecho irrelevante, o cuando a pesar de examinar todos los hechos del caso hace un análisis liviano y la determinación resulta irrazonable. *íd*. pág. 736. En esos casos, los foros apelativos ostentamos la facultad discrecional para expedir el recurso de *certiorari* y ejercer nuestra función revisora.

**III.**

En esencia, Tetrad Enterprises recurre de una resolución interlocutoria que denegó su petición de retiro de los fondos consignados por el DRNA. En desacuerdo con la decisión recurrida, Tetrad Enterprises presentó ante esta Curia un auto de *certiorari.*

Es sabido que la expedición o no de un recurso de *certiorari* depende de la sana discreción de este Tribunal, según orientada por las disposiciones de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*. Siendo así, al guiar nuestra facultad discrecional de conformidad a los criterios de la precitada Regla, determinamos que el presente recurso

no reúne los elementos necesarios para inclinar nuestra discreción hacia una expedición. Razonamos, que esta etapa de los procesos no es la más propicia para ejercer nuestra intervención por lo que no entenderemos en sus méritos el asunto elevado ante nos.

**IV.**

Por los fundamentos que anteceden, *denegamos* la *expedición* del presente auto de *certiorari.*

**Notifíquese.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones